IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02680-RPM

SHANE WHITTLE, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF
MARLEY COFFEE LLC,

     Plaintiffs,

v.

ROHAN MARLEY,
CEDELLA MARLEY,
JAMMIN' JAVA CORPORATION,
HOPE ROAD MERCHANDISING, LLC,
FIFTY-SIX HOPE ROAD MUSIC LIMITED,
MARLEY COFFEE ESTATE LIMITED,

     Defendants.

_____

## ORDER DENYING MOTION FOR COST BOND
_____

On December 23, 2014, Defendant Jammin' Java Corporation filed a motion for cost bond [Doc. 24] and the other defendants filed a motion for cost bond on the same date [Doc. 32]. These motions ask that this Court require the plaintiff to file a cost bond in the amount of $400,000.00 as a condition to proceed with this litigation. The defendants assert that this Court has inherent authority to require such a bond, citing *Paramount Film Dist. Corp. v. Civic Ctr. Theatre,* 333 F.2d 358, 362 (10th Cir. 1964) as authority for that contention. That case does not provide such authority. It suggests, to the contrary, in the following language:

> The trial court refused appellant-petitioners' request for security for costs. There appears to be no rule for such security in the District of Utah, and the refusal was within the court's discretion.

The defendants also cite rulings from other judicial officers in this District. They, in turn, have apparently relied on the *Paramount* case. The only authority for requiring a cost bond in this case is C.R.S. § 13-16-101(2), which limits the amount to $5,000.00 to insure that access to the courts is not unreasonably denied. Assuming authority to require a cost bond, in the amount of $400,000.00, would unreasonably deny access to this court. Whether a bond within the Colorado statutory limit should be ordered will depend upon further proceedings in this case. It is

ORDERED that the motions for cost bond are denied.

Dated this 15th day of June, 2015.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge